**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2859
_____

JOHNATHAN VOORHIS,
                    Appellant

v.

PATRICK GINKEL
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1:23-cv-00090)
Chief Magistrate Judge:  Honorable Richard A. Lanzillo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 12, 2025

Before: KRAUSE, PHIPPS, and ROTH, Circuit Judges

(Opinion filed:  September 5, 2025)
_____

OPINION[*]
_____

PER CURIAM

        Pro se appellant Johnathan Voorhis appeals from the District Court's dismissal of

his civil rights complaint. For the reasons that follow, we will affirm the District Court.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

I.

Voorhis's civil complaint raised claims under 42 U.S.C. § 1983 for false arrest, false imprisonment, and malicious prosecution regarding a 2021 road-rage incident in Erie County, Pennsylvania. Detective Patrick Ginkel (the sole named defendant in this civil action) filed the underlying criminal complaint, which initially charged Voorhis with six misdemeanor offenses: terroristic threats, stalking, simple assault, and three different types of disorderly conduct.[1] Ginkel attached an affidavit of probable cause to the criminal complaint that narrated the victim's version of events and outlined the police investigation.

On November 17, 2022, the trial court granted the Commonwealth's motion to amend Voorhis's charges; the Commonwealth (1) withdrew the charges of terroristic threats, stalking, and simple assault, and (2) reduced the grading of the three disorderly conduct charges from third-degree misdemeanor to summary offenses.

In February 2023, Voorhis represented himself at a one-day bench trial, after which the trial court convicted him of two of the three summary disorderly conduct charges and sentenced him to 90 to 180 days' incarceration.[2] The Pennsylvania Superior

---

[1] More specifically, Voorhis was initially charged with disorderly conduct by engaging in fighting or threatening, or in violent or tumultuous behavior (pursuant to 18 Pa. Cons. Stat. § 2706(a)(1)), disorderly conduct by use of obscene language or making an obscene gesture (pursuant to § 2706(a)(3)), and disorderly conduct by creating a hazardous or physically offensive condition by an act serving no legitimate purpose (pursuant to § 2706(a)(4)).

[2] The trial court found that Voorhis was not guilty of disorderly conduct by use of obscene language or gestures.

Court affirmed Voorhis's conviction on direct appeal. See Commonwealth v. Voorhis, 341 WDA 2023, 2023 WL 8928880 (Pa. Super. Ct. Dec. 27, 2023).

Voorhis filed the instant civil complaint in May 2023. Importantly, he alleged that the "criminal proceeding ended in [his] favor when the motion to amend was granted," and again when the trial court determined that he was not guilty of disorderly conduct by use of obscene language or gestures. Voorhis also alleged that "Ginkel did intentionally and maliciously trump-up these charges to ensure that the . . . Parole Board did detain the plaintiff." ECF No. 5 at 5. Much of Voorhis's complaint dissected Ginkel's affidavit of probable cause, alleging that it contained many material misstatements and omissions that, if corrected, would reveal that Ginkel lacked probable cause to arrest, detain, or prosecute Voorhis for the charges that did not result in convictions.

Ginkel filed a motion to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The District Court granted that motion and dismissed Voorhis's complaint with prejudice. Voorhis timely appealed.

## II.

We have appellate jurisdiction under 28 U.S.C. § 1291. We conduct a de novo review of the District Court's dismissal of a complaint under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. See Hickey v. Univ. of Pittsburgh, 81 F.4th 301, 308 (3d Cir. 2023). A claim should survive a motion dismiss if it is "facially plausible," which means that it contains sufficient factual allegations that, if accepted as true, allow the court to reasonably infer that the defendant is liable for the misconduct

alleged. Clark v. Coupe, 55 F.4th 167, 178 (3d Cir. 2022). We may affirm the District Court's judgment on any basis supported by the record. See Hildebrand v. Allegheny County, 757 F.3d 99, 104 (3d Cir. 2014).

The District Court dismissed the complaint because it determined that all of the charges in question were supported by probable cause. In doing so, the District Court relied on videos that were not included in the complaint, which was not proper at the pleading stage.[3] This issue is forfeited, however, as neither party has raised it, and, in any event as explained below, we will affirm the District Court on other grounds that are unrelated to the video evidence.

---

[3] "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010). Voorhis's complaint discussed certain videos from security cameras, but it contested their authenticity, and his complaint did not rely on the victim's videotaped police interview because he believed that the video did not exist. See ECF No. 5 at 8-9 & 11; Voorhis, 2023 WL 8928880, at *5.

III.

Voorhis's complaint asserted claims for false arrest, false imprisonment, and malicious prosecution. We will affirm the dismissal of these claims under Rivera-Guadalupe v. City of Harrisburg, 124 F.4th 295 (3d Cir. 2024), which we decided after the District Court dismissed Voorhis's complaint. According to Rivera-Guadalupe, Voorhis's false arrest claim is meritless, and Ginkel is entitled to qualified immunity from Voorhis's malicious prosecution claim. Voorhis's false imprisonment claim also likely lacks merit but, regardless, Ginkel is entitled to qualified immunity from that claim, too.

To plead a false arrest claim, Voorhis must plausibly allege that he was arrested without probable cause. See Lozano v. New Jersey, 9 F.4th 239, 245 (3d Cir. 2021). To plead a false imprisonment claim, Voorhis must plausibly allege that he was detained pursuant to an arrest that was made without probable cause. See id. at 246. To plead a malicious prosecution claim, Voorhis must plausibly allege, in relevant part, that a criminal proceeding was initiated against him without probable cause, and the criminal proceeding ended in his favor. See id. at 247. Generally, claims of false arrest and false imprisonment are claims of arrest and detention "without legal process." Wallace v. Kato, 549 U.S. 384, 389 (2007); see also id. at 390 (addressing false imprisonment). If the plaintiff is held pursuant to legal process, then his proper claim is a malicious prosecution

5

claim, which is a claim involving the "wrongful institution of legal process" (not the absence of legal process). Id. at 390 (emphasis omitted).[4]

Voorhis's false arrest claim is meritless based on the "any-crime rule." Rivera-Guadalupe, 124 F.4th at 303. According to the any-crime rule, a police officer defendant can defeat a false arrest claim by showing that he had probable cause to arrest the plaintiff for "any offense that could be charged under the circumstances." Id. at 299 (quoting Wright v. City of Phila., 409 F.3d 595, 602 (3d Cir. 2005)). "[P]robable cause to arrest exists if there is a 'fair probability' that the person committed the crime at issue." Dempsey v. Bucknell Univ., 834 F.3d 457, 467 (3d Cir. 2016) (internal quotations and citation omitted).

Here, Ginkel's filing of the criminal complaint culminated in Voorhis's convictions of two summary disorderly conduct offenses. On direct appeal, the Pennsylvania Superior Court affirmed Voorhis's disorderly conduct convictions based on (1) its deference to the trial court's finding that the victim testified credibly at trial, and (2) its determination that the victim's testimony supported each element of both summary disorderly conduct offenses. See Voorhis, 2023 WL 8928880, at *3-4. Ginkel's summary of the victim's statement in the affidavit of probable cause is consistent with the Superior Court's recitation of key aspects of the victim's testimony. Therefore, at the time of

---

[4] Here, it is not entirely clear whether Voorhis was arrested and detained "without legal process." Voorhis merely alleged that Ginkel filed an affidavit of probable cause on November 9, 2021, and the Parole Board detained him beginning on November 19, 2021. We assume arguendo that Voorhis was arrested and initially detained without process.

Voorhis's arrest, there was a "fair probability" that Voorhis committed at least two counts of summary disorderly conduct, and that's enough to satisfy the any-crime rule, which defeats Voorhis's false arrest claim.[5]

Voorhis more clearly articulates a malicious prosecution claim against Ginkel, because much of Voorhis's complaint focuses on Ginkel's criminal complaint and affidavit of probable cause, which were used to initiate criminal legal proceedings against Voorhis. Ginkel argued in the District Court that he is entitled to qualified immunity from Voorhis's malicious prosecution claim. See ECF No. 17 at 8-9. We agree, because Voorhis cannot show that Ginkel "violated clearly established statutory or constitutional rights of which a reasonable person would have known." Rivera-Guadalupe, 124 F.4th at 299 (internal quotations and citations omitted).[6] As we held in Rivera-Guadalupe, our

---

[5] Voorhis was charged with disorderly conduct as a misdemeanor, but he was convicted of lesser charges of summary disorderly conduct. The any-crime rule does not necessarily require the proper grading of offenses at the time of arrest. But even if it did, there was a "fair probability" that Voorhis committed misdemeanor disorderly conduct at the time of his arrest. As relevant here, disorderly conduct is graded as a third-degree misdemeanor if the actor's intention "is to cause substantial harm or serious inconvenience," and if not, it is a summary offense. 18 Pa. Cons. Stat. § 5503(b). Ginkel could have reasonably inferred from the victim's allegations that either summary or misdemeanor disorderly conduct occurred. Compare Voorhis, 2023 WL 8928880 at *4 (quoting and citing trial court's opinion) (reasoning that the victim credibly testified that Voorhis "stopped his vehicle in the middle of the road at a green light and got out of his car," and told her that "he would 'fuck [her] up' and and that he was going to kill her."), with Commonwealth v. Fedorek, 946 A.2d 93, 102 (Pa. 2008) (holding that sufficient evidence reflected defendant's intent for another to cause substantial harm or serious inconvenience, where defendant urged a man to "hurt" and "f--- up" another man during a fist fight).

[6] "A right is clearly established where, 'at the time of the challenged conduct, the contours of [that] right are sufficiently clear that every reasonable official would have

7

precedent did not clearly establish at the time of Voorhis's arrest, detention, and trial that Ginkel needed to have probable cause for every charge cited in the initial criminal complaint that he filed against Voorhis. See id. at 299-303.[7] Therefore, because Ginkel at least had probable cause to file a criminal complaint charging Voorhis with two disorderly conduct offenses, Ginkel is immune from a malicious prosecution claim regarding the withdrawn misdemeanor charges and the acquitted charge of summary disorderly conduct by use of obscene language or gestures.

Finally, Voorhis's false imprisonment claim was also properly dismissed, at a minimum because Ginkel is entitled to qualified immunity from that claim. Although false imprisonment is more analogous to false arrest than malicious prosecution,[8] our

---

understood that what he is doing violates that right.'" Rivera-Guadalupe, 124 F.4th at 299 (quoting Ashcroft v. al-Kidd, 563 U.S. 731, 741 (2011)).

[7] It is now clear, in light of the Supreme Court's holding in Chiaverini v. City of Napoleon, that "the presence of probable cause for one charge does not automatically defeat a Fourth Amendment malicious-prosecution claim alleging the absence of probable cause for another charge." Rivera-Guadalupe, 124 F.4th at 297 (quoting Chiaverini v. City of Napoleon, 602 U.S. 556, 561 (2024)). However, that does not benefit Voorhis, who was arrested in 2021 and tried in 2023.

[8] After all, both false arrest and false imprisonment involve police actions without probable cause or legal process, and the only difference is that false imprisonment requires some period of detention. Perhaps there will be cases in which there is probable cause to support an arrest for some crime, but it later becomes clear from post-arrest investigative developments that probable cause did not support a plaintiff's continued detention for any crime. Cf. Hinkle v. Beckham Cnty. Bd. of Cnty. Comm'rs, 962 F.3d 1204, 1221 (10th Cir. 2020). This is not one of those cases: Voorhis has always lumped his claims of false arrest and imprisonment together and has not identified any particular post-arrest shift in Ginkel's investigation that would have warranted Voorhis's release.

precedent has not yet squarely held that the any-crime rule applies to claims of false imprisonment. Accordingly, even if we assume Voorhis has a right against false imprisonment in this situation, we cannot say that right was "clearly established." Rivera-Guadalupe, 124 F.4th at 299.

## IV.

Accordingly, we will affirm the District Court's dismissal of Voorhis's complaint. We note that, although we are following our usual practice of awarding costs to Ginkel as the prevailing party, Ginkel may not recover costs for those portions of his supplemental appendix that are duplicative of Voorhis's appendix or that were not part of the record in the District Court.[9]

---

[9] Specifically, it appears that C.A. No. 11 at 41-56 and 66 were not part of the District Court's record.